UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUSTINE MICHELE P.,[1]

                    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____

**DECISION AND ORDER**

1:21-cv-01089 (JJM)

        This is an action brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to review the final determination of the Commissioner of Social Security that plaintiff was not entitled to disability insurance ("DIB") or supplemental security income ("SSI") benefits. Before the court are the parties' cross-motions for judgment on the pleadings [8, 9].[2] The parties have consented to my jurisdiction [11]. Having reviewed the parties' submissions [8, 9, 10], the Commissioner's motion is granted, and plaintiff's motion is denied.

## BACKGROUND

        The parties' familiarity with the 644-page administrative record [6] is presumed. In October of 2018, plaintiff filed applications for DIB and SSI, alleging disability beginning June 22, 2018 due to major depressive disorder, generalized anxiety disorder, and obsessive

---

[1]     In accordance with the guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Western District of New York on November 18, 2020 in order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff by first name and last initial.

[2]     Bracketed references are to the CM/ECF docket entries. Page references to the administrative record are to the Bates numbering. All other page references are to the CM/ECF pagination.

compulsive disorder. Administrative Record [6] at 19, 204. After the applications were denied, an administrative hearing was conducted before Administrative Law Judge ("ALJ") Sharda Singh on December 16, 2020, at which plaintiff, who appeared with an attorney, and vocational expert Zachary Fosberg testified. Id. at 34-57 (transcript of hearing).

Mr. Fosberg testified that an individual with plaintiff's residual functional capacity ("RFC") could perform the unskilled jobs of hand-packer, cleaner, and equipment cleaner. Id. at 53. In addition, he testified that an employee being off-task 15% of the time within a workday would preclude all work, as would two or more absences per month. Id. at 53-54.

Based upon the medical evidence and testimony, ALJ Singh found that plaintiff's severe impairments were "depressive disorder and anxiety disorder". Id. at 21. She considered the four broad categories of "Paragraph B" mental functioning and determined that plaintiff had moderate limitations in the categories of: understanding, remembering, or applying information; interacting with others; and concentrating, persisting, and maintaining pace. Id. at 22. She found that plaintiff had mild limitations in the fourth and final category: the ability to adapt or manage one's self. Id. at 22-23. Explaining her determination for this category, ALJ Singh reasoned:

> "The claimant asserted that she has difficulties handling change, managing her mood, and has low motivation. . . . That said, the claimant also stated that she is able to handle self-care and personal hygiene, clean approximately two times per week, and spend time with family. Meanwhile. The objective evidence in the record showed the claimant to have appropriate grooming and hygiene and no problem getting along well with providers and staff."

Id.

In order to determine plaintiff's RFC, ALJ Singh considered functional assessments from two sources: consultative examiner Gregory Fabiano, Ph.D.; and state agency

medical consultant S. Shapiro, Ph.D.[3]  Dr. Shapiro conducted a psychiatric review technique assessment on December 4, 2018.  After reviewing the evidence in the file up to the date of his review, Dr. Shapiro concluded that plaintiff "would do best with simple tasks and only superficial contact [with] the general public".  Id. at 72.  He considered the paragraph B functional domains and opined that plaintiff had:

1) no limitation in understanding, remembering, or applying information;

2) moderate limitations interacting with others;

3) mild limitations in her ability to concentrate, persist, and maintain pace; and

4) mild limitations in adapting and or managing herself.

Id. at 71-72.

Dr. Fabiano conducted a psychiatric evaluation, including a mental status examination.  Id. at 362-66.  He also considered plaintiff's functional abilities, opining that plaintiff had:

1) mild limitations understanding, remembering, and applying simple directions and instructions, but moderate limitations with respect to complex directions and instructions;

2) moderate limitations interacting with others;

3) no limitations in her ability to sustain concentration and perform at a consistent pace; and

4) moderate limitations regulating emotions, controlling behavior, and maintaining her well-being.

Id. at 365.  In addition, Dr. Fabiano opined there was no evidence of limitation in plaintiff's abilities "to use reason and judgment to make work-related decisions", "sustain an ordinary routine and regular attendance", "maintain personal hygiene and appropriate attire", or "have an

---

[3] Dr. Shapiro's first name does not appear in the record.

awareness of normal hazards and take appropriate precautions". Id. He concluded that plaintiff's psychiatric problems did "not appear to be significant enough to interfere with [her] ability to function on a daily basis". Id.

Based upon these opinions and other evidence in the file, ALJ Singh concluded that plaintiff had the RFC to perform "a full range of work at all exertional levels but with the following nonexertional limitations: able to perform simple, routine, and repetitive noncomplex tasks with occasional interactions with supervisors, coworkers and the general public." Id. at 23. She found both Dr. Shapiro's and Dr. Fabiano's opinions "persuasive". Id. at 25-26. She found Dr. Shapiro's RFC to be "reasonable and consistent with the objective medical evidence" in the file at the time of his review, including "generally normal cognitive functioning assessments and fair response to treatment modalities". Id. at 26. She found that Dr. Fabiano's opinion was "supported by [his] own examination findings" and "consistent with the other opinions in the record that show the claimant has only mild to moderate mental limitations". Id. She did, however, conclude that "the longitudinal record [was] more consistent with 'moderate' limitations in the first domain of functioning and 'mild' limitation in the fourth domain as opposed to the opposite, which is what [Dr. Fabiano] noted". Id.

Based upon the RFC and the vocational expert's testimony, ALJ Singh determined that plaintiff was able to perform jobs that exist in significant numbers in the national economy, and therefore was not disabled, as defined in the Social Security Act. Id. at 27. The Appeals Council found no basis to change ALJ Singh's decision. Id. at 1-4. Thereafter, this action ensued.

Plaintiff argues that ALJ Singh did not include in her RFC a limitation for Dr. Fabiano's opined moderate limitation in regulating emotions, controlling behavior, and maintaining well-being, or explain how she intended for the RFC limitations to address that

limitation, despite finding his opinion "persuasive".  Plaintiff's Memorandum of Law [8-1] at 14-15.  More specifically, plaintiff argues that the RFC does not address the specific behavioral issues included in that domain, including maintaining personal hygiene, an inability to set or make goals, and inappropriate behavior.  Id. at 15-16.  Plaintiff argues that ALJ Singh "failed to account for these limitations" in her decision.  Id. at 16.  She contends that these "limitations" should have been addressed by including off-task time in the RFC in excess of the amount that the vocational expert found were work-preclusive.  Id. at 17.

The Commissioner responds that ALJ Singh's decision is supported by substantial evidence in the record, and that plaintiff's argument ignores the portion of Dr. Fabiano's opinion that plaintiff had no limitations performing tasks at a consistent pace, sustaining an ordinary routine, and maintaining regular attendance.  Commissioner's Brief [9-1] at 11.  The Commissioner points out that the ALJ discussed the moderate limitations that Dr. Fabiano found in the remaining behaviors covered by that functional domain by explaining that the evidence in the record supported only mild, not moderate, limitations.  Id.  Further, the Commissioner points out that plaintiff failed to satisfy her burden to produce evidence that she was more limited than the RFC.  Id. at 14.

For the following reasons, I agree with the Commissioner.

**DISCUSSION**

A.     **Standard of Review**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error." Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)). Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion". Consolidated Edison Co. of New York. Inc. v. NLRB, 305 U.S. 197, 229 (1938). ). "[U]nder the substantial evidence standard of review, it is not enough for Plaintiff to merely disagree with the ALJ's weighing of the evidence or to argue that the evidence in the record could support her position. Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record". Cheatham v. Commissioner, 2018 WL 5809937, *9 (W.D.N.Y. 2018); *see also* Brault v. Commissioner, 683 F.3d 442, 448 (2d Cir. 2012) ("the substantial evidence standard means once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*") (emphasis in original).

An adjudicator determining a claim for Social Security benefits employs a five-step sequential process. Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920. The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five. Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012).

The RFC need "not perfectly correspond with any of the opinions of medical sources cited in his decision" and an ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole". Matta, 508 Fed. Appx. at 56. See also Young v. Berryhill, 2018 WL 2752443, *2 (W.D.N.Y. 2018) ("[i]t is well settled that an ALJ need not adopt one or more medical opinions verbatim in order to render a sufficiently-supported RFC determination"). It is "well settled that an ALJ is entitled to rely upon the

opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability. . . . The opinion of a non-examining source may override that of an examining source, even a treating source, provided the opinion is supported by evidence in the record." Maleski v. Commissioner, 2020 WL 210064, *4 (W.D.N.Y. 2020); see also Camille v. Colvin, 652 F. App'x 25, 28 (2d Cir. 2016) ("[t]he ALJ was permitted to consider [treating] Dr. Dawood's treatment notes in weighing the opinions of Dr. Dawood and [consulting psychologist] Dr. Kamin; and she was permitted to conclude that Dr. Kamin's opinion was more reliable").

**B.     The RFC is Supported by Substantial Evidence**

It is the ALJ's responsibility to "weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole". Matta v. Astrue, 508 F. App'x 53, 56 (2d Cir. 2013) (Summary Order). In doing so, an ALJ may not "arbitrarily substitute [his/her] own judgment for competent medical opinion." Riccobono v. Saul, 796 F. App'x 49, 50 (2d Cir. 2020) (Summary Order).

However, "the ALJ's RFC conclusion need not perfectly match any single medical opinion in the record, so long as [the conclusion] is supported by substantial evidence." Schillo v. Kijakazi, 31 F.4th 64, 78 (2d Cir. 2022).  Although ALJ Singh's analysis might have been stated with more clarity, her decision, read as a whole, satisfies her obligation "to construct an accurate and logical bridge between [her] recitation of the facts and the conclusions [she] reached".  Lopez obo Y.T. v. Commissioner of Social Security, 2020 WL 4504987, *2 (W.D.N.Y. 2020) (internal quotation omitted).  She neither mischaracterized nor cherry-picked the record to support her conclusions.  Therefore, I find that her conclusions concerning plaintiff's RFC are supported by

substantial evidence. That is, a "reasonable mind might accept" ALJ Singh's reasoning "as adequate to support [her] conclusion". Consolidated Edison Co., 305 U.S. at 229.  The substantial evidence standard means that, "once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*".  Brault, 683 F.3d at 448.

Plaintiff's primary argument focuses on Dr. Fabiano's opinion that plaintiff has "moderate" limitations in her ability to "regulate emotions, control behavior, and maintain well-being".  *See* Plaintiff's Memorandum of law [8-1] at 14-17.  She argues that ALJ Singh "never addressed this limitation" and "never discussed why [it was] not included in the RFC".  Id. at 14.

Plaintiff does not, however, accurately summarize either ALJ Singh's analysis or Dr. Fabiano's report.  The abilities to regulate emotions, control behavior, and maintain well-being are the fourth functional area described in paragraph B of the regulations under the heading "Adapt or Manage oneself (paragraph B4)".  20 C.F.R. Pt. 404, Subpt. P, App. 1, §12.00A.2.b. Examples of functional abilities covered by this domain include:

> "Responding to demands; adapting to changes; managing your psychologically based symptoms; distinguishing between acceptable and unacceptable work performance; setting realistic goals; making plans for yourself independently of others; maintaining personal hygiene and attire appropriate to a work setting; and being aware of normal hazards and taking appropriate precautions."

Id.  Dr. Fabiano found that plaintiff had a moderate limitation in this domain generally, but also specifically stated that, of these, plaintiff "does not appear to have evidence of limitation in the ability to . . . maintain personal hygiene and appropriate attire, or have an awareness of normal hazards and take appropriate precautions".  Administrative Record [6] at 365.  Dr. Fabiano noted in his report that plaintiff was "dressed casually" at her appointment with him and was "fairly

groomed". Id. at 363.  Further, in her decision, ALJ Singh acknowledged a treatment note in the record documenting her "slightly disheveled" appearance (id. at 25), but noted that other times, plaintiff appeared "well groomed" (id. at 24-25), including during her examination by Dr. Fabiano.  In her discussion of this paragraph B functional domain, ALJ Singh found plaintiff mildly, rather than moderately, limited.[4]  Id. at 22.  To support that determination, ALJ Singh noted that the claimant's testimony and the statements she made in her Function Report indicated she was able to handle her self-care and hygiene, and her treatment records demonstrated appropriate grooming and hygiene.  Id. at 22-23, *citing generally* Administrative Record [6] at 34-57, 223-232, and 307-644.

Although the notes throughout the record were somewhat variable, ALJ Singh noted that adjustments to plaintiff's medications at various points led to improvement of her symptoms.  Id. at 24-25.  To the extent that evidence concerning plaintiff's grooming and personal hygiene was in conflict, it was the ALJ's duty to resolve that conflict.  Richardson v. Perales, 402 US. 389, 399 (1971).  Where evidence is "susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld" McIntyre v. Colvin, 758 F.3d 146, 149 (2d Cir. 2014).

Here, I find that ALJ Singh adequately explained and supported her finding that plaintiff had only mild limitations in this functional domain. She did not, as plaintiff argues, "implicitly reject[]" Dr. Fabiano's findings.  She simply came to a different conclusion concerning the degree of plaintiff's limitation in this functional domain, and explained why. Accordingly, she was not required to account in the RFC for moderate limitations in this domain.

---

[4]   Plaintiff does not challenge this determination.

Plaintiff points to evidence documenting her reported low motivation and difficulty getting out of bed in treatment notes dated 9/16/2020 and 10/21/2020 as evidence of plaintiff's "inability to set or make goals". Plaintiff's Memorandum of Law [8-1] at 16, *citing* Administrative Record [6] at 617 and 619. Again, the ALJ's decision demonstrates that she considered this evidence, but found contrary evidence more persuasive. For example, ALJ Singh cited and discussed these very pages of plaintiff's treatment notes. *See* Administrative Record [6] at 25, *citing* 617 (Exhibit 15, p. 11) and 619 (Exhibit 15F, p. 13). ALJ Singh acknowledged plaintiff's reports of "low motivation", anxiety, and worsening mood. Id. She noted, however, that plaintiff's providers, after examination, nonetheless noted that despite these reports, plaintiff had "coherent thought processes, normal attention and concentration, and appropriate insight and judgment". Id. From this evidence, ALJ Singh concluded that "the objective findings" and "the course of medical treatment" "support a determination that the claimant retains the ability to perform work". Id.

The same analysis applies to plaintiff's argument that the ALJ failed to account for "limitations" related to plaintiff's "obsessions and preoccupations". Plaintiff's Memorandum of Law [8-1] at 16. Plaintiff points to evidence of such limitations in treatment notes from 2017, 2018, and 2020. Id., *citing* Administrative Record [6] at, *inter alia*, 350, 352, 443, 445, and 447. However, the ALJ specifically cited many of these same records in her decision to support her RFC findings. ALJ Singh analyzed plaintiff's 2018 treatment records, and noted "an increase in anxiety", but progress with medication adjustments, and notes indicating "[t]hought processes . . . within normal limits as were attention and concentration" with "intact" judgment and "appropriate" insight. Administrative Record [6] at 24, *citing* id. at 350 (Exhibit 3F, p. 26), and 352 (Exhibit 3F, p. 28). ALJ Singh also analyzed treatment notes from 2020, explaining that

plaintiff "reported some bouts of depression, but overall reported improved symptoms with increased Lamictal" and that "[m]ental status findings consistently noted coherent thought processes, normal attention and concentration, and appropriate insight and judgment". Administrative Record [6] at 24-25, *citing* id. at 443 (Exhibit 9, p. 2), 445 (Exhibit 9, p. 4), and 447 (Exhibit 9, p. 6). Given ALJ Singh's analysis, it is evident that she considered the information highlighted by plaintiff, but found the examination findings persuasive and supportive of the RFC.

ALJ Singh appeared to properly account in the RFC for the mild limitations she found plaintiff had in this domain. It is well-settled that up to moderate limitations of a plaintiff's ability to regulate emotions, control behavior, and maintain well-being are "consistent with" an RFC limiting plaintiff to "simple, routine, and repetitive tasks" and "occasionally interacting with supervisors, coworkers, and the public". Michelle K. v. Commissioner, 527 F.Supp.3d 476, 483 (W.D.N.Y. 2021). Here, the RFC contains largely identical limitations. Accordingly, the mild limitations plaintiff has in this functional domain are adequately accounted for by the RFC.

Moreover, I disagree with plaintiff's assertion that ALJ Singh should have included off-task time in the RFC to accommodate these "limitations". Plaintiff's Memorandum of Law [8-1] at 17. Dr. Fabiano specifically opined that plaintiff "does not appear to have evidence of limitation in the ability to . . . sustain concentration and perform a task at a consistent pace" or "sustain and ordinary routine and regular attendance at work". Administrative Record [6] at 365. "Ultimately it is [p]laintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ". Beaman v. Commissioner, 2020 WL 473618, *6 (W.D.N.Y. 2020). I agree with the Commissioner that plaintiff failed to do that here. *See* Commissioner's Brief [9-1] at 14.

Accordingly, ALJ Singh's RFC limiting plaintiff to "simple, routine, and repetitive noncomplex tasks", with only "occasional interactions with supervisors, coworkers and the general public" is supported by evidence in the record and accounts for plaintiff's mild and moderate limitations.  The RFC is supported by Dr. Fabiano's and Dr. Shapiro's opinions and other evidence in the record, which ALJ Singh summarized and analyzed at some length.  I find that her conclusions concerning plaintiff's RFC are supported by substantial evidence. That is, a "reasonable mind might accept" ALJ Singh's reasoning "as adequate to support [her] conclusion". Consolidated Edison Co., 305 U.S. at 229.

## CONCLUSION

For these reasons, the Commissioner's motion for judgment on the pleadings [9] is granted, and plaintiff's motion [8] is denied.

 **SO ORDERED**.

Dated: February 5, 2024

/s/ *[signature]*
_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge